## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNIFER LEANN MCCORMICK and** | ) |
| **PAUL LEROY WICKHAM,** | ) |
| | ) |
| **Plaintiffs.** | ) |
| | ) |
| **v.** | )   **Case No. 20-CV-0024-CVE-JFJ** |
| | ) |
| **WILLIAM BARR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### <u>OPINION AND ORDER</u>

Before the Court are six motions to dismiss of twenty defendants (Dkt. ## 5, 6, 12, 18, 19, 23), and defendants LaRue, Sonenberg, Friddle, Hallet, McClain, Frauenberger, and Nowata County's motion to confess judgment (Dkt. # 25). For the reasons stated herein, all of the motions to dismiss are granted, and the claims against the two remaining defendants are dismissed sua sponte. The motion to confess judgment is denied as moot.

### I.

On January 21, 2020, plaintiffs Jennifer Leann McCormick and Paul Leroy Wickham, proceeding pro se, filed suit against William Barr, Christopher Wray, State of Oklahoma, Nowata County, Carl Gibson, Burke LaRue, Doug Sonnenberg, Troy Friddle, Mirta "Mickey" Hallett, April Frauenberger, Ryan Olsen, Leonard Logan, Oklahoma Bar Association, Kevin Buchanan, Terry Dean Wickham, Thad Austin Wickham, Terry Allan Wickham, Beverly Ellen Johnson, Kathy Sue Morris, Brian Little, Jimmy Ted King, and Jason McClain. Dkt. # 1.[1] This is plaintiffs' ninth lawsuit in this District. See infra.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Nowata County Sheriff Jason McClain was substituted for his predecessor Mirta "Mickey" Hallett. Dkt. # 16.

Like all of plaintiffs' lawsuits that came before, this one is an incoherent amalgam of perceived constitutional violations that seem to arise out of familial disputes and plaintiffs' interactions with state judges and law enforcement officers. Plaintiffs begin by titling their complaint as "A petition and complaint in the nature of a suit for deprivation of Federally Protected Rights under 42 U.S.C. § 1983 for False Arrest. Defendant Notice of Removal under 28 U.S.C. § 1446(b) in Nowata County Case # PB-2019-21." [2] Dkt. # 1, at 2. Plaintiffs then dive into their allegations. It is difficult to discern what plaintiffs are alleging in the complaint, as they jump from event to event without any narrative connection, but the Court will make its best attempt to characterize plaintiffs' allegations in a fair and coherent way.

The event that runs through all of plaintiffs' allegations is the probate of the estate of Leslie Dean Wickham—who was plaintiff Wickham's father and plaintiff McCormick's grandfather. See The Estate of Leslie Dean Wickham, Deceased, Case No. PB-2019-21, Nowata County, Oklahoma, filed Oct. 9, 2019. Plaintiff Wickham alleges that his father Leslie gifted him all of Leslie's livestock and farm equipment in 2014. Dkt. # 1, at 4. The document that plaintiff Wickham uses as proof of this gift is a piece of spiral notebook paper, purportedly signed by Leslie Wickham, that states "all livestock – Paul Wickham[;] all farm machinery – Paul Wickham." Id. at 8. [3] In

---

[2] Plaintiffs' allegations are set forth herein as they appear in their filings.

[3] Plaintiffs attached a picture of the spiral notebook paper to their complaint, along with fifteen other pages of exhibits, which included an affidavit of plaintiff Wickham, a Nowata County District Court order admonishing plaintiffs for their behavior, plaintiffs' arrest warrants, and various other documents and court filings. In ruling on defendants' motions to dismiss, the Court considered all the documents plaintiffs attached to their complaint. See Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249 (10th Cir. 2005) ("a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute.").

2018, plaintiff Wickham allegedly gifted all the livestock and farm equipment to his daughter, plaintiff McCormick. Id. at 4, 9.

On September 20, 2019, Leslie died, and his son, Terry Dean Wickham, filed a petition for letters of administration and appointment of personal representative on October 9, 2019. In the probate petition, the alleged estate of Leslie included $50,000 in farm equipment, $7,500 in cash, miscellaneous personal property totaling $2,500, certain real estate valued at $1,500,000, and livestock worth $11,000. See Petition, Estate of Wickham, Case No. PB-2019-21, OSCN Doc. No. 19100900000009, at 1-2, filed Oct. 9, 2019.[4]

The probate judge, defendant Carl Gibson, appointed Terry Dean Wickham as personal representative of Leslie Wickham's estate and issued him letters of administration on October 29, 2019. See Order Issuing Letters of Administration, Estate of Wickham, Case No. PB-2019-21, OSCN Doc. No. 19102900000030, filed Oct. 29, 2019. It appears Terry Dean Wickham was planning to sell the livestock belonging to Leslie's estate at the Coffeyville Livestock Market on November 6, 2019. Plaintiffs became aware of this, and they allege that they notified two employees of the Coffeyville Livestock Market, Brian Little and Jimmy Ted King, on October 30, 2019, that Jennifer McCormick owned the livestock, not Leslie's estate. Dkt. # 1, at 4. The livestock were sold on or around November 6 and November 20. 2019. Id. at 3.

This sale is the basis for the allegations in paragraphs six through fifteen of plaintiffs' complaint. Plaintiffs allege that this event constituted "cattle stealing" and that Carl Gibson (the

---

[4] Federal courts may take notice of another court's publicly filed records concerning matters that bear directly upon the disposition of the case at hand. Hodgson v. Farmington City, 675 F. App'x 838, 841 (10th Cir. 2017). See also, St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

probate judge), Ryan Olsen and Leonard Logan (the attorneys representing the personal representative of Leslie's estate), and Mickey Hallett (the Sheriff of Nowata County at the time) were all "working in concert and out of the color of law," and that they all took cattle owned by Jennifer McCormick "to generate revenue for Leonard Logan and Ryan Olsen's attorney fees." Id. Plaintiffs further allege that Terry Dean Wickham (brother of plaintiff Wickham), Beverly Johnson (sister of plaintiff Wickham), Terry A. and Thad Wickham (presumably Terry Dean Wickham's sons), Sheriff Hallett, Brian Little, and Jimmy Ted King (Coffeyville Livestock Market employees) were all running an enterprise to defraud Jennifer McCormick, that the State of Oklahoma gave everyone a workplace in the Nowata County Courthouse to plan their coup to generate revenue, and that April Frauenberger (Nowata County Court Clerk) is manufacturing and distributing false documents. Id. at 3-4.

This, of course, is plaintiffs' characterization of the events surrounding the livestock sale. However, the probate court had a different view. In the probate action, Terry Dean Wickham filed an application for citation because plaintiffs were trying to embezzle and convey Leslie's real and personal property. Application for Citation, Estate of Wickham, Case No. PB-2019-21, OSCN Doc. No. 19111400000062, filed Nov. 14, 2019. Specifically, Terry Dean Wickham, alleged that "Paul Wickham presented unlawful, fraudulent documents, signed by Jennifer McCormick, to the Coffeyville Livestock Market . . . in an attempt to unlawfully threaten the operators of the Livestock Market and prevent the Personal Representative's sale of cattle belonging to the Estate." Id. at 2. The probate court issued citations to plaintiffs on November 14, 2019, commanding them to appear on November 22, 2019, for a hearing about the allegations in Terry Dean Wickham's application for citation. See Citation for Paul Wickham & Citation for Jennifer McCormick, Estate

of Wickham, Case No. PB-2019-21, OSCN Doc. Nos. 19111400000073, 19111400000074, filed Nov. 14, 2019.

Plaintiffs did not attend the hearing on November 22, 2019. The probate court heard testimony about the events at the Coffeyville Livestock Market and entered an order on citation against plaintiffs on November 27, 2019. In the citation, the probate court noted that Terry Dean Wickham, as personal representative of Leslie's estate, tried to sell certain livestock belonging to the estate at the Coffeyville Livestock Market. At the sale, Dwayne Garrett, ostensibly on behalf of Paul Wickham, "attempted to prevent the Personal Representative's sale of cattle belonging to the Estate . . . and fraudulently asserted the Cattle were stolen, and fraudulent documents were presented to the Livestock Market, purportedly signed by Jennifer McCormick, claiming the Cattle were stolen." Dkt. # 1, at 13-14; see also Citation Order, Estate of Wickham, Case No. PB-2019-21, OSCN Doc. No. 19112700000038, filed Nov. 27, 2019.  The order also commanded plaintiffs to appear before the probate court on December 13, 2019. Plaintiffs did not appear and, on December 13, the probate court issued a warrant against both plaintiffs for failure to appear. Id. at 13-16.

On January 7, 2020,[5] both plaintiffs were arrested by the Nowata County Sheriff's Department. Id. at 2-3. Plaintiffs allege that these events, the warrants issued by the probate court and the arrest by the Nowata County Sheriff's Department, constitute further constitutional violations because the warrants were "generated by a fax machine" and were "suspicious" and "fraudulent," and that plaintiffs were never read their rights upon arrest. Id.

---

[5] Plaintiffs allege that these arrests occurred on January 7, 2019, but the records attached to their Complaint show that the arrests actually occurred on January 7, 2020.

For all these alleged wrongs, plaintiffs seek "$750,000.00 per day from the day the act was committed on January 7, 2020," which currently amounts to over five-hundred million dollars in damages. Id. at 5.

## II.

Every defendant other than Carl Gibson and Kevin Buchanan filed a motion to dismiss.[6] Plaintiffs filed three responses (Dkts. # 7, 8, 13), which consisted entirely of incoherent rambling and no legal arguments.[7] Defendants filed the motions pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim. As the Court will discuss below, the claims against every defendant should be dismissed either for lack of subject matter jurisdiction, for failure to state a claim, or because they are entitled to absolute immunity. Thus, the Court will not address defendants' dismissal requests for lack of personal jurisdiction or insufficient service of process.

### A. Legal Standards

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim upon which relief may be granted." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a

---

[6] Carl Gibson, as mentioned above, is an associate district court judge in Nowata County, and Kevin Buchanan is the District Attorney for Nowata and Washington Counties. Summonses were issued by the Court Clerk, Dkt. # 2, at 5, 14, but there is nothing to indicate these defendants were properly served pursuant to Fed. R. Civ. P. 4.

[7] For instance, in response to the State of Oklahoma's motion, plaintiffs asserted that Mike Hunter has committed treason and that there is a "97% chance" that he will be put to death for such treason. Dkt. # 8, at 4.

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 550. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 680.

On a Rule 12(b)(1) motion, the party invoking the court's jurisdiction bears the burden of establishing that jurisdiction exists. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). Because federal courts are courts of limited jurisdiction, there is a presumption against the exercise of federal jurisdiction. Id. at 919.

In applying these standards, the Court is mindful that plaintiffs proceeds pro se. While pro se pleadings must be liberally construed and held to less stringent standards than pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## B. Defendants Oklahoma Bar Association, William Barr, Christopher Wray, Burke LaRue, Doug Sonnenberg, Troy Friddle, and Kevin Buchanan

To begin, plaintiffs make no factual allegations against the Oklahoma Bar Association, William Barr, Christopher Wray, Burke LaRue, Doug Sonnenberg, and Troy Friddle. These

defendants are not mentioned anywhere in plaintiffs' complaint aside from the caption. Dkt. # 1. Plaintiffs have failed to allege any claim against these defendants, and the Court accordingly grants the motions to dismiss as they relate to these defendants. Dkt. # 5 (Oklahoma Bar Association); Dkt. # 12 (William Barr and Christopher Wray); Dkt # 25 (Burke LaRue, Doug Sonnenberg, and Troy Friddle).[8]

## C. State of Oklahoma

As to plaintiffs' claims against the State of Oklahoma, the state is not a person subject to suit under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). Moreover, plaintiffs seek monetary damages only from the state of Oklahoma, which the Eleventh Amendment prohibits. See Meiners v. Univ. of Kan., 359 F.3d 1222, 1232 (10th Cir. 2004) ("As the district court correctly held, the claims for back pay, monetary damages, and retrospective declaratory relief are barred by the Eleventh Amendment."). Thus, the State of Oklahoma's motion to dismiss (Dkt. # 6) is granted.

## D. Remaining Defendants

The remaining defendants were all alleged to be a part of at least one of two events that form the basis of plaintiffs' complaint: the livestock stealing event and the unlawful arrests event. The Court will address each event separately.

---

[8] Kevin Buchanan has not entered an appearance in this case. A district court has the authority to dismiss a claim sua sponte under Rule 12(b)(6) if it is "patently obvious that the plaintiff could not prevail on the facts alleged." Andrews v. Heaton, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007). The Court here will exercise its authority to dismiss plaintiffs' claims against Kevin Buchanan sua sponte, as defendants did not mention him in the body of their complaint and he seemingly has no connection to the events giving rise to this lawsuit.

### 1.   Livestock Stealing

As described above, plaintiff Wickham alleges that his father gifted him all his livestock and farm equipment in 2014, and Wickham, in turn, gifted that property to his daughter, plaintiff McCormick, in 2018. Plaintiffs then allege that defendants Carl Gibson, Ryan Olsen, Leonard Logan, Mickey Hallett, Terry Dean Wickham, Terry A. Wickham, Thad Wickham, Beverly Johnson, Kathy Morris, Brian Little, Jimmy Ted King, and Nowata County, were all a part of a criminal enterprise that defrauded plaintiff McCormick of her property interest in the livestock and farm equipment. All the allegations concerning the livestock stealing event stem from Judge Gibson's order issuing letters of administration to Terry Dean Wickham as personal representative of Leslie Wickham's estate. The probate court has found that the livestock and farm equipment belong to Leslie's estate rather than Jennifer McCormick. Thus, the livestock stealing event is merely a property dispute already being heard in a state court probate action, which this Court lacks jurisdiction to consider. See Marshall v. Marshall, 547 U.S. 293, 312 (2006). ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.").

To the extent plaintiffs are alleging something other than a claim to probate property, the Court cannot decipher it, as plaintiffs' conclusory statements and conspiratorial allegations are not plausible on their face. Thus, plaintiffs' claims stemming from the livestock stealing event are dismissed.

### 2.   Unlawful Arrests

As to the unlawful arrests event, plaintiffs allege that they were both arrested by Sheriff Mirta Hallett and four deputies pursuant to suspicious and fraudulent warrants and that they were

not read their <u>Miranda</u> rights when they were arrested. The only named defendants with any connection to the unlawful arrests event are Judge Gibson, Sheriff Hallett, and Nowata County.[9] Plaintiffs contend that the unlawful arrests event constituted a false arrest in violation of 42 U.S.C. § 1983.

### a. Judge Gibson

It is unclear from plaintiffs' complaint whether they are bringing their false arrest claim against Judge Gibson. To the extent they are, Judge Gibson is entitled to absolute immunity. Judges are entitled to absolute immunity for their official actions, <u>Forrester v. White</u>, 484 U.S. 219, 225-29 (1988), and it "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial," <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991). And while exceptions to this doctrine do exist, none is relevant here. Thus, Judge Gibson is entitled to absolute immunity for issuing the bench warrants against plaintiffs—even though plaintiffs allege he did so fraudulently—because he was performing a judicial action.

Moreover, the Court notes that the warrants issued by Judge Gibson complied with Oklahoma law. In the probate action, Judge Gibson issued citations to plaintiffs on November 14, 2019, for their alleged attempt to embezzle and dispose of probate property. The citation commanded plaintiffs to appear for a hearing on November 22, 2019. Plaintiffs did not attend. At the hearing, pursuant to its authority under Okla. Stat. tit. 58, § 293,[10] the probate court found that

---

[9] Defendant Nowata County correctly notes that plaintiffs did not properly name the county as a defendant under Okla. Stat. tit. 19, § 4, which states that a suit against a county must be brought against the board of county commissioners for said county. Nonetheless, the Court will evaluate plaintiffs' claims as if they did properly name the county as a defendant.

[10] Title 58, section 293 reads as follows:

If any executor, administrator, or other person interested in the estate of a decedent, complains to the district court, on oath, that any person is suspected to have concealed, embezzled, smuggled, conveyed away, or disposed of any monies,

plaintiffs "attempted to prevent the Personal Representative's sale of cattle belonging to the Estate," and directed plaintiffs to stop interfering with the administration of Leslie's estate. Dkt. # 1, at 13. That order commanded plaintiffs to appear before the probate court on December 13, 2019. Id. When plaintiffs did not attend the December 13, 2019, hearing, the probate court exercised its authority under Okla. Stat. tit. 58, § 294,[11] and issued bench warrants for plaintiffs' failure to appear. Thus, even if Judge Gibson were not entitled to absolute immunity, the Court sees nothing fraudulent about the process used by Judge Gibson in issuing the bench warrants against plaintiffs. Accordingly, not only is Judge Gibson protected by absolute immunity, but also plaintiffs failed to state a claim against him for the unlawful arrests event.

### b. Sheriff Hallett in Her Individual Capacity as Arresting Officer[12]

The Fourth Amendment prohibits unreasonable seizures, including unlawful arrests. Koch v. City of Del City, 660 F.3d 1228, 1238-39 (10th Cir. 2014). An arresting officer violates this right when the officer arrests a person without probable cause. Id. at 1239. "Probable cause exists

---

goods or chattels of the decedent, or has in his possession or knowledge, any deeds, conveyances, bonds, contracts, or other writings which contain evidences of, or tend to disclose the right, title, interest or claim of the decedent to any real or personal estate, or any claim or demand, or any lost will, the judge may cite such person to appear before the district court, and may examine him, on oath, upon the matter of such complaint, if he can be found in the state. But if cited from another county, and he appears and is found innocent, his necessary expenses must be allowed him out of the estate.

[11] Title 58, section 294 reads as follows:

If the person so cited refuses to appear and submit to an examination, or to answer such interrogatories as may be put to him touching the matters or the complaint, the court may, by warrant for that purpose, commit him to the county jail, there to remain in close custody until he submits to the order of the court or is discharged according to law.

[12] Plaintiffs did not name the other arresting officers as defendants, but this analysis applies to them as well.

where the facts and circumstances within the arresting officer's knowledge . . . are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested." Id.

Normally, a valid bench warrant is sufficient probable cause to support a person's arrest. See Luckes v. Cty. of Hennepin, Minn., 415 F.3d 935, 939 (8th Cir. 2005) ("Because Luckes was named in a valid bench warrant . . . probable cause for his arrest pursuant to that warrant was established, and his Fourth Amendment argument is thus without merit."); United States v. Spencer, 684 F.2d 220, 223 (2d Cir. 1982) (holding that a bench warrant is the equivalent to a judicial determination of probable cause). Further, in the Tenth Circuit, "[j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, 'official[s] charged with the duty of executing a facially valid court order enjoy[ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'" Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir. 1990) (internal citations omitted) (quoting Valdez v. City & Cnty. of Denver, 878 F.2d 1285, 1286 (10th Cir.1989)). Importantly, "'[f]acially valid' does not mean 'lawful.' An erroneous order can be valid." Id. at 1473 (citing Baker v. McCollan, 443 U.S. 137, 143-44 (1979)).

Here, plaintiffs attached the warrants to their complaint, and they appear valid on their face. Dkt. # 1, at 15, 16. The warrants were signed by Judge Gibson, directed the officers to bring plaintiffs before the court, and were issued because plaintiffs failed to attend a hearing after Judge Gibson issued them a citation for "attempt[ing] to prevent the Personal Representative's sale of cattle belonging to the Estate," pursuant to his authority under Okla. Stat. tit. 58, § 293. Dkt. # 1, at 13. Even if the warrants were issued fraudulently or in contravention of Oklahoma law, there is no way an executing officer would have been aware of this fact. Accordingly, Sheriff Hallett, in

her individual capacity as an arresting officer, is entitled to absolute immunity. See Zamora v. City of Belen, 383 F. Supp. 2d 1315, 1325 (D.N.M. 2005) ("For the last fifteen years, the law in the Tenth Circuit has been that law enforcement officers are also entitled to absolute "quasi-judicial" immunity for their actions in executing facially valid warrants, writs, and other court orders, such as bench warrants." (citing cases)).

Finally, to the extent plaintiffs are attempting to bring a claim against Sheriff Hallett for not reading them their Miranda rights, the Tenth Circuit has long held that the failure to give a Miranda warning does not subject a police officer to liability under 42 U.S.C. § 1983. Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir. 1976). Accordingly, Sheriff Hallett's motion to dismiss is granted. Dkt. # 25.

### c.  Nowata County

"A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Plaintiffs have not alleged that there was any policy of custom behind their alleged constitutional violations. Thus, plaintiffs have failed to state a claim against Nowata County, and its motion to dismiss is granted. Dkt. # 25.

### E.  Leave to Amend

"[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110

(10th Cir. 1991)). Allowing plaintiffs an opportunity to amend would be futile here. This Court lacks subject matter jurisdiction to hear their claims relating to the livestock stealing event. Marshall, 547 U.S. at 312. ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."). There are no amendments plaintiffs could make to their complaint that would allow this Court to dispose of property currently in the custody of a state probate court.

Moreover, as to the unlawful arrest event, both Judge Gibson and Sheriff Hallett have absolute immunity from suit. And even if they did not, based on the documents attached to plaintiffs' complaint and a review of the docket in the probate case, both parties followed Oklahoma law in the issuance and execution of the warrant. Thus, it is patently obvious to the Court that there are no amendments plaintiffs could make that would state a claim for relief based on the unlawful arrest event. Thus, the Court will not give plaintiff leave to amend.[13]

### III.

The Court now turns to the requests of multiple defendants to impose filing restrictions on plaintiffs. Citing seven previous frivolous lawsuits filed by plaintiffs, defendants urge the Court to impose filing restrictions as a way curb plaintiffs' repeated use of federal courts to litigate claims against government officials that are unsupported by law or fact. Dkt. # 9, at 2; Dkt. # 12, at 5-6; Dkt. # 18, at 15.

---

[13] If plaintiffs disagree with the Court's conclusion and believes amendment would not be futile, they can file a motion under Rule 59 or Rule 60. See Curley, 246 F.3d at 1284 ("A litigant whose complaint has been dismissed with prejudice could file a motion to alter or amend the judgment under Rule 59(e) or for relief from the judgment under Rule 60(b)").

"The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994). Courts have the inherent power to regulate and curtail vexatious and groundless litigation by "imposing carefully tailored restrictions under the appropriate circumstances." Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986). While filing restrictions may not deny a litigant "meaningful access to the courts," the restrictions may nevertheless be as onerous as necessary "to assist the district court in curbing the particular abusive behavior involved." Id. When imposing filing restrictions upon litigants, the court must: (1) set forth the history of abusive litigation; (2) specify the guidelines as to what the litigants may do to obtain permission to file an action; and (3) provide the litigants with notice and an opportunity to oppose the restrictions before implementation. Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007); Tripati v. Beaman, 878 F.2d 351, 353-54 (10th Cir. 1994).

## A. Plaintiffs' Litigation History

Plaintiffs are no strangers to this Court. The two plaintiffs have accounted for at least nine separate cases in this district over the last three years, initiating litigation either through filing a complaint or through removal of state court cases. Plaintiffs' litigation history in this district is as follows:

1. Wickham v. Gibson, 18-CV-435-CVE-JFJ (N.D. Okla. filed Aug. 22, 2018) (Wickham I);

2. Wickham v. Gibson, 18-CV-449-JED-FHM (N.D. Okla. filed Aug. 30, 2018) (Wickham II);

3. McCormick v. Perdue, 18-CV-569-JED-FHM (N.D. Okla. filed Nov. 5, 2018) (McCormick I);

4. Wickham v. Oklahoma, 19-CV-027-GKF-FHM (N.D. Okla. filed Jan. 16, 2019) (Wickham III);

5. <u>Wickham v. United States</u>, 19-CV-110-TCK-FHM (N.D. Okla. filed Mar. 1, 2019) (Wickham & McCormick I);

6. <u>Wickham v. Barr</u>, 20-CV-024-JED-JFJ (N.D. Okla. filed Jan. 21, 2020) (Wickham & McCormick II) (current case);

7. <u>Webster v. Barr</u>, 20-CV-283-CVE-FHM (N.D. Okla. filed June 15, 2020) (Wickham & McCormick III);

8. <u>McCormick v. Gibson</u>, 20-CV-261-JED-CDL (N.D. Okla. filed June 8, 2020) (Wickham & McCormick IV); and

9. <u>Wickham v. Wickham</u>, 20-CV-00370-JED-JFJ (N.D. Okla. filed Jul. 27, 2020) (Wickham & McCormick V)

The first among plaintiffs' cases was a notice of removal filed by plaintiff Wickham, in which Wickham ostensibly sought to remove a state court petition for protective order to federal court. <u>Wickham I</u>, 18-CV-435, Dkt. # 1. In addition to removal of the protective order petition, Wickham sought $22,000,000 in damages for alleged civil rights and RICO claims against fourteen defendants—seven of whom are named defendants in the current case. <u>Id.</u> The case was dismissed sua sponte for lack of subject matter jurisdiction on August 27, 2018. <u>Wickham I</u>, 18-CV-435, Dkt. # 5.

The defendants and claims alleged in <u>Wickham II</u> appear virtually identical to the defendants and claims alleged in <u>Wickham I</u>. See <u>Wickham II</u>, 18-CV-449, Dkt. # 1. The one remarkable distinction between the two cases was forty-one pages of exhibits attached to the complaint in <u>Wickham II</u>, which included a court transcript, a handwritten note to the FBI, and an incident report from the Nowata County sheriff. <u>Id.</u> On October 15, 2018, the court entered an opinion and order granting the defendants' motions to dismiss based on the lack of jurisdiction and because the complaint did "not contain any factual allegation that support any claims against *any of the defendants*." <u>Wickham II</u>, 18-CV-449, Dkt # 9, at 1-4 (emphasis original). Wickham unsuccessfully appealed the dismissal and, while awaiting a decision from the Tenth Circuit, he

continued to saddle the docket with baseless motions. See Wickham II, 18-CV-449, Dkt. # 11 ("Motion to Vacate PO #18-39 in Case # 18-CV449-JED FJM"); Dkt. #17 (denying Wickham's motion to vacate protective order case because Wickham failed to "identify a basis for such relief.").

The plaintiffs' third lawsuit in the Northern District of Oklahoma was filed on November 5, 2018. McCormick I, 18-CV-569, Dkt. # 1. The case was brought against eight defendants, four of which are defendants named in the current case. Id. Without any context, the complaint quotes the public officers' oath found in Okla. Const. art. XV, § 1, and states that "provided with all the evidence of cattle theft, of who took the cattle, when the cattle were taken . . . you have violated your oath and the 4th Amendment to the Constitution of the United States to supply me relief." Id. at 2. Nine pages of exhibits were attached to the complaint, including a warranty deed for real property, an affidavit from Paul Wickham, a list of farm equipment and livestock, a police report, and a receipt showing the sale of livestock. Id. at 3-11. Prior to dismissal of the case, plaintiff filed a motion for speedy trial act and motion to compel. McCormick I, 18-CV-569, Dkt. # 7. Both of plaintiff's requests were summarily denied for being "nonsensical and not supported by the law." McCormick I, 18-CV-569, Dkt. # 10. The case was ultimately dismissed on June 26, 2019, with the court noting in its opinion and order that "[w]hile the title of her [c]omplaint suggests she is asserting claims for libel, slander, defamation, loss of affection, emotional anguish, and false imprisonment, the document does not contain a single fact supporting any such claims." McCormick I, 18-CV-569, Dkt. # 11, at 3.

On January 16, 2019, while McCormick I was still pending, plaintiff Wickham filed the plaintiffs' fourth complaint in this district. Wickham III, 19-CV-027, Dkt. # 1. The complaint named six defendants, which included the State of Oklahoma and Judge Carl Gibson. Id. at 1. The

complaint sought $450,000 per day in damages, alleging that "[t]he State of Oklahoma, working in concert with Judge David L. Combs, . . . by using P.O. # 18-39 to chronically damage [plaintiff's] ability to provide health services for his father [Leslie Dean Wickham]." Id. A single motion to dismiss was filed on behalf of all defendants. Wickham III, 19-CV-027, Dkt. # 5. The motion was granted on March 21, 2019, based on judicial immunity, sovereign immunity, and the "vague and conclusory" nature of the allegations in the complaint. Wickham III, 19-CV-027, Dkt. # 8, at 3-4.

On March 1, 2019, while McCormick I and Wickham III were still pending, plaintiffs filed their fifth case in this District. Wickham & McCormick I, 19-CV-110, Dkt. # 1. In that case, plaintiffs named thirteen defendants, six of which are defendants in the current suit. Id. All defendants filed motions to dismiss. Wickham & McCormick I, 19-CV-110, Dkt. # 5, 7, 10. When the plaintiffs failed to respond to the motions to dismiss, the defendants moved to confess judgment. Wickham & McCormick I, 19-CV-110, Dkt. # 15. The plaintiffs responded in opposition to the motion to confess judgment by stating, in part, "[w]e appreciate your offer. Timothy Tymkovich and Elizabeth Shumaker have committed crimes against humanity . . . [and] treason against the United States Constitution . . . . We think we would have a better chance of justice by going to the Supreme Court . . . ." Wickham & McCormick I, 19-CV-110, Dkt. # 16. The court granted the motion to confess judgment, and the case was dismissed on March 17, 2020. Wickham & McCormick I, 19-CV-110, Dkt. # 17.

The case at bar, Wickham & McCormick II, is plaintiffs' sixth lawsuit in this District and was filed on January 21, 2020. Dkt #1. Meanwhile, the plaintiffs, along with Shirley Dione

Webster and Dwayne Marvin Garrett,[14] filed a petition in Tulsa County district court on May 18, 2020, which was removed to this Court on June, 2020. Wickham & McCormick III, 20-CV-283, Dkt. # 3. The plaintiffs named twelve defendants and asserted a "Claim Under the Authority of the Information Act," citing 18 U.S.C. § 1512, 18 U.S.C. § 1964, and 42 U.S.C. § 1983. Wickham & McCormick III, 20-CV-283, Dkt. # 3-2, at 1. In conformity with their six previous complaints, the petition in Wickham & McCormick III was a raft of nonsensical and incoherent statements, utterly devoid of any intelligibility. Also in keeping with their previous litigation history, plaintiffs in Wickham & McCormick III flooded the docket with bizarre and absurd motions, including a motion for default judgment— even though defendants had filed a motion to dismiss—and a "Motion to hear speedy trial Act." Wickham & McCormick III, No. 20-CV-0283, Dkt. # 8, 14. The court dismissed the case on October 2, 2020 "because all except two of the defendants have judicial or quasi-judicial immunity from suit and plaintiffs have failed to state a claim against any of the defendants." Wickham & McCormick III, 20-CV-0283, Dkt. # 11, 2020 WL 5880961, at *2. Although the court expressly declined to issue filing restrictions against Wickham and McCormick, the court stated that defendants "may reference this case in support of their request for filing restrictions against these parties." Id. at n. 3.

Plaintiffs' eighth and nineth lawsuits filed in this Court are currently pending. Wickham & McCormick IV, 20-CV-261; Wickham & McCormick V, 20-CV-00370. While the Court will address the litigation in the respective cases, suffice it say that the most recent iterations of plaintiffs' lawsuits have not deviated from the well-defined pattern of absurdity and frivolousness. Specifically, plaintiffs continue to use this forum to air family grievances and to assert their interest

---

[14] Plaintiffs Webster and Garrett have an exceedingly long history of frivolous lawsuits. For an overview of their litigation history and filing restrictions, see Wickham & McCormick III, No. 20-CV-0283, 2020 WL 5880961, at *1 (N.D. Okla. Oct. 2, 2020).

in certain livestock belonging to the estate of Leslie Wickham, and in so doing, plaintiffs allege that such efforts have been foiled by an ever-expanding cabal of state and federal government officials, lawyers, judges, and law enforcement, working in concert to deprive them of their interest in the livestock. See e.g., Wickham & McCormick IV, 20-CV-261, Dkt. # 1, at 2 ("Northern District of Oklahoma and Nowata County are working in concert to cover up crimes in these cases of cattle theft, property stealing and mortgaging without ownership.").

In addition to their history in the Northern District of Oklahoma, plaintiffs have a history of frivolous lawsuits in other districts. Plaintiffs have filed at least three frivolous lawsuits in the Eastern District of Texas. See Webster v. Shumaker, 2019 WL 3003524, 6:19-CV-31-JDK, 6:19-CV-118-JDK, 6:19-CV-119-JDK (E.D. Tex. May 3, 2019); Wickham v. United States, 6:19-CV-241-JDK (E.D. Tex. May 31, 2019). Furthermore, plaintiffs were explicitly warned by the Eastern District of Texas that continued "frivolous litigation . . . may result in sanctions." Webster v. Shumaker, 2019 WL 3003524, 6:19-CV-31-JDK, 6:19-CV-118-JDK, 6:19-CV-119-JDK *4 (E.D. Tex. May 3, 2019)). Plaintiff Wickham is also party to three ongoing lawsuits in the District of Kansas. See Webster v. Barr, 2021 WL 365121, 20-1279-KHV (D. Kan. Feb. 3, 2021); Webster v. Palk, 2021 WL 4893015, 21-4057-JWB-GEB (D. Kan. Oct. 20, 2021); Webster v. Durbin, 21-1246 (D. Kan. 2021) (complaint filed on Oct. 12, 2021)). Plaintiff Wickham was also party to a similar suit in the Eastern District of Oklahoma, which was dismissed on June 8, 2021. Webster v. Garland et al., 6:21-CV-119-SLP.

Given the plaintiffs' extensive history of filing vexatious suits, the Court finds that reasonable filing restrictions are appropriate. Winslow, 17 F.3d at 315 ("[W]here, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate.").

**B. Guidelines to Obtain Permission for Filing Action**

A court may enjoin a litigant from filing claims pro se without first receiving permission from the court. Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir. 1992). When issuing such an injunction, the court must tailor its application to the particular subject matter or the parties involved in the vexatious litigation. Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007). In this case, the Court observes two commonalities in plaintiffs' pro se filing history: (1) the claims are derivative of state court proceedings regarding the guardianship, then probate, estate of Leslie Wickham; and (2) the defendants are plaintiffs' family, Nowata County officials and law enforcement officers, state and federal government officials, and the private attorneys who represent them.

In light of the common theme that binds plaintiffs' litigation, plaintiffs must obtain permission before removing any state court case, filing any complaint, or otherwise initiating any litigation related to the subject matter of plaintiffs' nine cases in the Northern District of Oklahoma. In order to obtain permission to proceed pro se before this Court, plaintiffs must take the following steps:

1. File a petition with the Clerk of this Court requesting leave to file a pro se action;

2. Include in the petition the following information:

   a. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

   b. A list apprising this Court of all outstanding injunctions or orders limiting plaintiffs' access to federal court, including orders and injunctions requiring plaintiff(s) to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues presented, including a short discussion of the legal right asserted for modifying the

district court's decision, and describing with particularity the order being challenged. The affidavit also must certify, to the best of affiant's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, that the complaint is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with the Federal Rules of Civil Procedure and the local rules of this Court.

The petition requesting leave of court to file pro se and the affidavit must be submitted to the Clerk of the Court, who will forward them to the Chief Judge for review to determine whether to permit plaintiff to proceed pro se. Without the Chief Judge's approval, the matter will be dismissed. If the Chief Judge approves the filing, an order will be entered indicating that the action shall proceed in accordance with the Federal Rules of Civil Procedure.

These restrictions will apply to any case initiated by Paul Wickham or Jennifer McCormick—individually, jointly, or with other parties—related to the subject matter of plaintiffs' nine cases in the Northern District of Oklahoma. There will be no restrictions for cases in which plaintiffs are represented by an attorney licensed to practice in the state of Oklahoma and admitted to practice before this Court.

### C.  Notice and Opportunity to Oppose Restrictions

Plaintiffs have fourteen days from the date of this order to file a written objection to these proposed sanctions. Tripati, 878 F.2d at 354 ("The notice and opportunity requirement does not . . . require an in-person hearing."). The objection must not exceed fifteen pages. Winslow, 17 F.3d at 316. If plaintiffs do not file an objection, or if the Court does not find the objection persuasive, these restrictions will take effect twenty-one days from the date of this order and will apply to any matter filed after that time. Id. at 316-17.

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss (Dkt. ## 5, 6, 12, 18, 19, 23) are **granted**. The Court sua sponte **dismisses** plaintiffs' remaining claims against Carl

Gibson and Kevin Buchanan. Defendants' motion to confess judgment (Dkt. # 25) is **denied as moot**. Plaintiffs Jennifer Leann McCormick's and Paul Leroy Wickham's complaint is **dismissed without prejudice**.

 **IT IS FURTHER ORDERED** that the Court hereby places filing restrictions on plaintiffs Jennifer Leann McCormick and Paul Leroy Wickham. **As to any pleading alleging claims against local, state, or federal government officials or entities, pertaining to previous litigation or court proceedings in this Court or any other federal or state court, plaintiffs are required to follow the procedures outlined above.** Absent a written objection, the filing restrictions will go into effect twenty-one (21) days from this date.

 **DATED** this 8th day of December, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE